ALICE ROBERTS *vs.* RHODE ISLAND COMPANY.

MAY 23, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

(1)  *Joint Tort-Feasors.   Res Adjudicata.*

Plaintiff suffering injury through a defect in a highway, which it was the duty of both, a municipal corporation, and a common carrier to keep in repair, brought action against the city, and after obtaining a final judgment which was collectible but had not been paid because plaintiff was unwilling to receive the amount awarded, brought action against the carrier. In the first action the carrier being notified, appeared and openly conducted the defence.

*Held,* that the matter was *res adjudicata.*

*Bennett* v. *Fifield,* 13 R. I. 139, distinguished.

TRESPASS ON THE CASE for negligence.    Heard on exception of plaintiff and overruled.

VINCENT, J.    This is an action of trespass on the case for negligence brought by the plaintiff, Alice Roberts, against the defendant, The Rhode Island Company, claiming damages in the sum of ten thousand dollars for personal injuries alleged to have been sustained by her through the negligence of the defendant.    On September 1, 1914, the plaintiff stepped into a hole in one of the streets of the City of Pawtucket located between the rails of the defendant company at the intersection of Lonsdale and Mineral Spring avenues. It was the duty of the City of Pawtucket, and the defendant was likewise obligated, to keep this portion of the highway in repair.

The plaintiff brought a suit against the City of Pawtucket and upon a trial thereof she was awarded damages in the sum of five hundred dollars.    The plaintiff then moved for a new trial on the ground that the damages awarded were inadequate.    This motion, after a hearing thereon, was denied and her judgment became final.    Subsequently on June 13, 1916, the plaintiff, without seeking to satisfy and apparently purposely abstaining from satisfying her judgment against the City of Pawtucket, brought her suit against this defendant, seeking compensation for the same injuries.

The defendant filed a plea in bar setting forth the former judgment against the City of Pawtucket and that the City of Pawtucket and the Rhode Island Company and each of them had been and were ready to satisfy any execution based upon said judgment with costs.    Said plea further set forth that the City of Pawtucket had notified the Rhode Island Company of the pendency of the plaintiff's original suit and at the same time had requested said company to appear and defend the same and that accordingly the Rhode Island Company did appear and actively assume the defence of said suit.    To this plea of the defendant the plaintiff demurred on the following grounds:

"1st. That it does not appear in and by said plea that the said judgment obtained by the said plaintiff against the said J. Ellis White, City Treasurer of the City of Pawtucket for the sum of five hundred (500) dollars has been satisfied by the said J. Ellis White, City Treasurer of the City of Pawtucket, and therefore that said judgment, without such satisfaction, is no bar to the plaintiff's declaration, and

"2nd. That said plea does not set forth sufficient facts showing a legal defense against the plaintiff's right to maintain her said action as set forth in each count of her said declaration; and

"3rd. That said plea showing judgment obtained by said plaintiff against said J. Ellis White, City Treasurer of the City of Pawtucket, does not constitute *res adjudicata* to this action against the said defendant, the Rhode Island Company.

"4th. That said plea does not set forth any legal grounds why said plaintiff should not maintain her action as set forth in each count of her said declaration against the said defendant, the Rhode Island Company."

Following some amendments to the defendant's plea, which are of no present importance, the plaintiff's demurrer was overruled by the Superior Court. The plaintiff took an exception to this ruling and upon that exception the case is now before us.

There is only one question for consideration and that is, Did the Superior Court err in overruling plaintiff's demurrer to the defendant's plea in bar?

The plaintiff argues that she has two distinct and separate rights of action, one against the City of Pawtucket and the other against the Rhode Island Company; that each of these parties owes a separate and distinct duty to her for the violation of which she has a right of action against each of them and in support of these propositions she cites the case of *Bennett et ux.* v. *Fifield*, 13 R. I. 139.

In the case of *Bennett et ux.* v. *Fifield*, one L. left in the highway three flat cars loaded with large iron castings which

so frightened the plaintiff's horse that he ran away. The plaintiffs brought suit against L. and recovered judgment. Later L. applied for the benefit of the U. S. Bankrupt Act and was discharged, the plaintiffs having proved their judgment as a claim against him. The plaintiffs then brought suit against the town; the town pleaded in bar the former judgment against L. and contended that as L. and the town were joint tort-feasors the former proceedings constituted a perfect estoppel. The court held that the torts were distinct, L. being charged for a tort at common law while the town was charged with the neglect of a statutory duty and that the injured party, until indemnified, would be entitled to look to either of them. This case differs from the case at bar in some important particulars. The judgment against L. had proved valueless. There had been no indemnification and none could be looked for as against L. The plaintiff here argues that she has not been indemnified and in a sense that is true, but that situation is one for which she is entirely responsible and one that will continue only so long as she sees fit to have it continue. The plaintiff cannot be permitted to voluntarily create such a situation and then take advantage of it for her own purposes.

We have no criticism to make upon the case of *Bennett* v. *Fifield*, but the questions therein considered are not the precise questions which are presented to us in the case at bar. The question is not whether the plaintiff is entitled to sue either or both of the defendants, the City of Pawtucket and the Rhode Island Company, but whether having sued one of the parties and obtained a final judgment which is collectible and which has not been paid because the plaintiff is unwilling to receive the amount thereof, she has exhausted her remedies and the case is *res adjudicata.*

It cannot be said that the plaintiff has been deprived of the right to try her case by the action of the Superior Court in overruling her demurrer to the defendant's plea. She has had a full opportunity to present her case to the proper tribunal and has been awarded a sum which, in the judgment

of the jury, was a full compensation for the injuries which she has sustained. The amount of this judgment has been and is available to her at any moment when she expresses her willingness to receive it. She is evidently dissatisfied with the amount of this judgment and has doubtless instituted another suit against the Rhode Island Company with a view to obtaining a larger sum.

The Rhode Island Company having been notified to appear and defend the case did so appear and openly conducted the defence and it seems to us that under the case of *Hill* v. *Bain*, 15 R. I. 75, the matter is *res adjudicata* and that the Superior Court was correct in overruling the plaintiff's demurrer to the defendant's plea in bar. In that case the court said: "Certainly, if the town had notified the Budlongs of the pendency of this action, and the Budlongs had, in consequence of the notice, assumed the defence, it would be competent for them, on the authority of these cases, to plead the former judgment in bar; for they would then be the real defendants, though defending in the name of the town, and ought not to be required to try over a question which they have already tried, with the result of a final judgment against the plaintiff in their favor."

The decision of the Superior Court overruling the plaintiff's demurrer to the defendant's plea in bar is sustained and the case is remitted to said court for further proceedings.

*Michael F. Costello, Cooney & Cahill*, for plaintiff.
*Clifford Whipple, Earl A. Sweeney*, for defendant.